# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON N. WARD III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1411 (ESH) |
| | ) |
| STEPHEN VOGEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, sues a former officer of the District of Columbia Metropolitan Police Department ("MPD"), Stephen Vogel, for allegedly violating his right under the Fourth Amendment to be free from unreasonable searches and seizures. (*See* Compl. [Dkt. # 4].) He seeks a total of $1,417,200 in damages. (*Id*. at ECF p. 8.) The record reflects the problems plaintiff and the court officers have encountered in attempting to serve Vogel with process. Although the Clerk's latest docket entry states that service was "executed" upon Vogel (Dkt. # 27), the actual document does not support this text since the postal card that was returned to the Marshals Service does not include Vogel's signature or the signature of an individual with legal authority to act on Vogel's behalf. Thus, no basis exists for finding that Vogel has been properly served.

The Court, however, is required to dismiss a case "at any time" it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Having reviewed the Complaint in light of that statutory duty, the Court is inclined to dismiss this action under the prior-invalidation requirement established in *Heck v. Humphrey*, 512 U.S. 477 (1994), but will first give plaintiff the opportunity to explain why dismissal is unwarranted.

I. Background

The relevant allegations in the Complaint are as follows. On March 27, 2011, plaintiff was involved in a three-vehicle accident in the northwest quadrant of the District of Columbia. Defendant was one of the officers who appeared at the scene and spoke with plaintiff. Plaintiff gave defendant his registration and driver's license but could not locate his insurance card. "While searching for the insurance card, [plaintiff] was standing outside the driver's side front door, with [defendant] standing beside [him]." Defendant "became impatient and walked around to the other side of the vehicle[,] opened the front passenger door[,] and started searching [plaintiff's] vehicle." (Compl., ECF p. 6 ¶ 2.) Defendant then "opened [the] dashboard glove compartment and found [plaintiff's] loaded Glock 9mm pistol along with an extra magazine loaded with 10 rounds." (*Id*.) Defendant placed plaintiff "under arrest for carrying a pistol without a license from the District of Columbia, which is a felony." (*Id*. ¶ 3.) Plaintiff "was subsequently indicted on a total of three felonies related to the weapon and ammunition." (*Id*.) He was detained for five days and thereafter lost his job as a contractor for the Office of the Director of National Intelligence, where he "held a Top Secret security clearance." (*Id*. ¶ 5.) In addition, plaintiff's vehicle was seized and "eventually repossessed." (*Id*.)

Plaintiff alleges: "I specifically asked [defendant] not to open my glove compartment before he did so. [Defendant] had no probable cause to search [his] vehicle. [Defendant] filed a false report stating that he observed the gun after [plaintiff] opened the glove compartment." (*Id*. ¶ 4.) Court records show that on June 24, 2011, plaintiff pled guilty in the Superior Court of the District of Columbia to Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device and was sentenced to nine months' probation. *See District of Columbia v. Ward*, No. 2011 CF2 005519 (Super. Ct. Jun. 24, 2011).

II. The *Heck* Requirement

In *Heck v. Humphrey*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted). *Heck* applies if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

Plaintiff omits from his complaint filed in March 2013 the crucial fact of his conviction in June 2011, but the Court can (and will) take "judicial notice of facts on the public record." *Covad Comm'ns Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (citation and internal quotation marks omitted); *see Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49-50 (D.D.C. 2012) (taking judicial notice of "court records in related proceedings"). If plaintiff were to prevail on his Fourth Amendment claim under the circumstances presented, the underlying conviction could not stand. *See Harper v. Jackson*, 293 Fed. Appx. 389, 392 (6th Cir. 2008) ("*Heck* bars § 1983 Fourth Amendment claims where the contested search produced the *only* evidence supporting the conviction and no legal doctrine [*i.e*., independent source, inevitable discovery, harmless error, good faith] could save the evidence from exclusion.") (emphasis in original); *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003) ("When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of *Heck* would apply.").

Accordingly, it is

**ORDERED** that by **May 15, 2014**, plaintiff shall explain in writing why this case should not be dismissed in accordance with *Heck v. Humphrey*. Plaintiff's failure to comply by this deadline will result in dismissal of the case without prejudice for the reasons already stated.

                                                                                _____/s/_____
                                                                                ELLEN SEGAL HUVELLE
DATE: April 9, 2014                               United States District Judge